# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**GREENTECH AUTOMOTIVE, INC.**                                             **PLAINTIFF**

**v.**                                                    **Civil Action No. 3:13-CV-94-MPM-JMV**

**FRANKLIN CENTER FOR GOVERNMENT**
**AND PUBLIC INTEGRITY d/b/a**
**WATCHDOG.ORG, ET AL.**                                                   **DEFENDANTS**

## ORDER

This cause comes before the court on defendants' motion to dismiss for lack of jurisdiction [Doc. 58]. The plaintiff has responded in opposition. Upon consideration of the relevant law and the submissions of the parties, the court is prepared to rule.

Defendants, Franklin Center for Government and Public Integrity and Kenric Ward (collectively Franklin), move the court to dismiss GreenTech's complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, to transfer this action to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

The Franklin Center publishes the website Watchdog.org and is a nonprofit organization that is organized under the laws of North Dakota and has its principal place of business in Virginia. Mr. Ward is a reporter for Watchdog and is a resident of Virginia. GreenTech is a corporation organized under the laws of Mississippi and has its principal place of business in Tunica, Mississippi.

This case concerns two articles published on Watchdog.org that allegedly contain false statements about GreenTech. GreenTech argues that Franklin is subject to personal jurisdiction in this forum because it published the two articles with knowledge and intent that they would be

read in Mississippi and that the articles have direct detrimental effects in Mississippi on the finances and reputation of GreenTech.

The first article that is the subject of this action was written by Kenric Ward and published on April 1, 2013 and it is titled "*McAuliffe car funding a 'fraud' investment adviser says.*" The next article, "*Feds look closer at cash source in McAuliffe car scam,*" was also written by Ward and published on the website on April 3, 2013.[1] The articles were part of a series of articles (72) published on Watchdog that criticized Terry McAuliffe during his gubernatorial bid in Virginia.[2]

Plaintiff alleges that the articles give rise to specific jurisdiction and does not argue that Franklin is subject to general jurisdiction in Mississippi. The court, therefore, will limit its analysis to specific jurisdiction in its inquiry of personal jurisdiction over Franklin.

Plaintiff first argues that defendants waived personal jurisdiction by moving forward on the request to transfer venue. The court does not find the argument credible, but a timeline of this case is warranted to "set the stage" before the merits of defendants' motion are considered.

GreenTech filed the complaint on April 8, 2013 in this court. GreenTech alleged defamation and intentional interference with business and prospective business relations against Franklin. On May 6, 2013 Franklin filed an opposed motion for an extension of time to respond to the complaint without a waiver of any defenses. Judge Alexander ordered that defendants be granted until June 17, 2013 to file an answer or other responsive pleading. Franklin filed a motion to dismiss for lack of personal jurisdiction, or in the alternative, request to transfer venue on June 10, 2013. GreenTech then filed a motion to stay briefing on the motion to dismiss

---

[1] On April 6, 2013, in response to a complaint by GreenTech, Franklin updated both articles to "clarify" that it did not accuse or intend to accuse GreenTech of committing fraud.
[2] At the time of the first articles regarding McAuliffe, he was the Chairman of GreenTech Automotive. The series was titled: Terry McAuliffe-Carmogul.

pending jurisdictional discovery. Because GreenTech did not file a response to Franklin's motion to transfer and GreenTech did not request the court to stay a ruling on the motion to transfer, Franklin moved the court to grant the transfer motion citing Local Rule 7(3)(C) that states that when "a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." Franklin noted that transferring the case would moot GreenTech's motion to stay and the motion to dismiss. This court granted GreenTech's motion to stay pending jurisdictional discovery on January 30, 2014 and dismissed Franklin's motion to dismiss without prejudice pending the outcome of discovery. After completion of discovery, Franklin filed the current motion to dismiss for lack of personal jurisdiction/transfer venue on May 30, 2014.

GreenTech argues that defendants' "calculated decision to abandon its personal jurisdiction defense and move forward on its request to transfer venue… is an action that amounts to a 'legal submission of jurisdiction.' " Further, plaintiff avers that because of the Notice filed by Franklin seeking transfer of venue, Franklin now "find[s] themselves in essentially the same scenario as the defendants in *General Design* by only having a venue objection before the Court and not a personal jurisdiction objection." *General Design Sign Co. v. American General Design, Inc.*, WL 251931 (N.D. Tex. Jan 31, 2003). However, the defendants in *General Design* first moved for dismissal for improper venue and subsequently moved to dismiss for lack of personal jurisdiction (The court held that any possible ground for dismissal not raised in the first motion is waived). *Id.* Franklin's first filing in response to GreenTech's complaint was the motion to dismiss plaintiff's complaint for lack of personal jurisdiction, or, in the alternative, to transfer. Franklin's request to transfer was only in the event the court determines that jurisdiction was proper over the defendants.

The court finds that the Notice filed by Franklin does not constitute a waiver of their personal jurisdiction argument and was not a legal submission of jurisdiction.

Next, the plaintiff claims that even if defendants have not waived their objection to personal jurisdiction, defendants' contacts with Mississippi support a finding of specific jurisdiction and that an exercise of jurisdiction by this court comports with fairness.

Under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant. At this stage, the plaintiff need only make a *prima facie* case. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The court, sitting in diversity, may exercise personal jurisdiction over a non-resident defendant if: 1) allowed under the state's long-arm statute; and 2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment. *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 398 (5th Cir. 2009). The defendants do not dispute that in the proper circumstances Mississippi's long-arm statute may create personal jurisdiction but argue that constitutional due process limits Mississippi's long-arm statue and does not permit a Mississippi court to exercise jurisdiction over defendants in this lawsuit.

To satisfy the requirements of due process, GreenTech must demonstrate that Franklin purposely availed itself of the benefits and protections of Mississippi by establishing "minimum contacts" with Mississippi and that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Multidata Sys. Int'l Corp.* at 609 (citing *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir. 1994) (other citations omitted)). A defendant establishes minimum contacts with a state if "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citing *World-Wide*

*Volkswagen Corp. v. Woodson,* 444 U.S., at 295, 100 S. Ct., at 566).

The Supreme Court recently avowed the criteria for establishing specific jurisdiction. *See Walden v. Fiore,* ––– U.S. ––––, 134 S. Ct. 1115, 188 L.Ed.2d 12 (2014). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.' " *Id.* at 1121 (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L.Ed.2d 790 (1984)).

"Specific jurisdiction in suits alleging an intentional tort based on the publication of defamatory material exists for (1) publication with adequate circulation in the forum state or (2) an author or publisher who "aims" a story at the state knowing that the "effects" of the story will be felt there." *Ouazzani-Chahdi v. Greensboro News & Record, Inc.*, 200 F. App'x 289, 292 (5th Cir. 2006) (citing *Fielding v. Hubert Burda Media, Inc.,* 415 F.3d 419, 425 (5th Cir. 2005) (citing *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 773–74, 104 S. Ct. 1473, 79 L.Ed.2d 790 (1984)); *Calder v. Jones,* 465 U.S. 783, 789–90, 104 S. Ct. 1482, 79 L.Ed.2d 804 (1984)). *Calder* jurisdiction requires a "case-by-case analysis of the purpose and impact of the publication in question." *Id.* (citing *Fielding*, at 425). The Fifth Circuit has held that the "aim" of the defendant under the *Calder* test must be demonstrated by showing that (1) "the subject matter of and (2) the sources relied upon for the article were in the forum state." *Id.* at 426 (citing *Revell v. Lidov*, 317 F.3d 467 at 474 & n. 48 (5th Cir. 2002).

The *Calder* test was elaborated on in *Fielding,* a case concerning defamatory articles published by two German magazines about a Texas resident who had lived in Berlin. *Id.* The story defamed the plaintiff and made reference to plaintiff's college years and modeling career in Texas and used sources in Texas to conduct background research. *Fielding*, at 426. The magazines were also distributed in Texas. Despite these contacts, the Fifth Circuit held that

personal jurisdiction could not be exercised over the defendant, because the articles "concerned the German activities of individuals in Germany." *Id.* at 427; *Ouazzani-Chahdi*, at 292.

A nonresident publisher and reporter must "direct[ly] aim" their allegedly actionable conduct at the forum state, making the forum state the "focal point" of the allegedly defamatory article to be subject to specific jurisdiction for the publication of an article on the Internet. See, e.g., *Revell v. Lidov*, 317 F.3d 467, 475-476 (5th Cir. 2002); *Clemens v. McNamee*, 615 F.3d 374, 379 (5th Cir. 2010). "[T]he plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction under *Calder*." *Revell,* at 473. Even knowledge that a publication will cause harm in the forum state is not sufficient contact to satisfy Due Process. See *Ouazzani-Chahdi*, at 293.

As Roger Clemens did in *Clemens v. McNamee*, GreenTech points to the harm it has suffered in Mississippi and to Franklin's knowledge of the likelihood of such damage in Mississippi. Yet under *Calder, Revell*, and *Fielding,* GreenTech has not made a *prima facie* showing that Mississippi was the focal point of the articles. *Id*.

It is undisputed that Ward used sources in Mississippi to gather information, but like the defendant in *Ouazzani-Chahdi*, Ward used this information as background to write his articles on McAuliffe's involvement with GreenTech.

In response to the motion to dismiss, and after the court granted additional time for discovery, plaintiff submitted to the court multiple documents and arguments on actions that occurred after it filed the complaint. However, the relevant time for determining jurisdiction is the filing of the complaint and therefore this evidence is not considered. *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 n. 1 (5th Cir. 1990). For the court's determination of jurisdiction, Franklin's efforts to register as a charity in Mississippi, among other activities in the state that do

not relate to the articles are irrelevant as well. "For specific jurisdiction we look only to the contact out of which the cause of action arises—in this case the [two articles published]". *Revell*, at 472.

This court does not find plaintiff's argument under *Epstein* persuasive. *Epstein v. Gray Television, Inc.*, 474 F. Supp. 2d 835, 842 (W.D. Tex. 2007). The particular facts alleged by plaintiff in this action are not analogous to those in *Epstein*. The defendant in *Epstein* argued that she did not expressly aim her conduct at Texas but the court stated that while the defendant's phone conversation with the plaintiff, the broadcast, and the website alone may not establish personal jurisdiction, the defendant actually sent the allegedly defamatory videotapes and scripts to a television station in San Antonio and in doing so, effectively distributed the publication in Texas and "planted the seed for harm" in Texas. *Id*. The *Epstein* court considered the sending of videotapes in conjunction with defendant's other contacts in Texas during her investigation, including researching Texas's consent law concerning recording phone conversations before she interviewed Plaintiff. *Id*. at 842. Defendant Ward, in this action, did not send or direct his articles to Mississippi. Rather, he published them on Franklin's website. The interviews conducted by Ward with persons in Mississippi do not rise to the level of planting the seed for harm in Mississippi.

Ward's articles were not aimed at Mississippi. The articles were aimed at McAuliffe and his bid to become Governor of Virginia, and McAuliffe sustained the "brunt of the harm" of the published articles while GreenTech allegedly suffered from the residuary effects of the articles.

The subject and "intended harm" of the articles at issue in this dispute was McAuliffe — not GreenTech or Mississippi.

For the foregoing reasons the court does not address defendants' alternative motion to

transfer venue.

Defendants' motion to dismiss for lack of personal jurisdiction is hereby granted and this cause is dismissed without prejudice as to defendants Franklin Center and Kenric Ward.[3]

IT IS SO ORDERED this 24th day of July, 2014.

                                              **/s/ MICHAEL P. MILLS**
                                              **UNITED STATES DISTRICT JUDGE**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**

---

[3] The remaining defendant, China Travel Service, is in default.